■ In the Matter of **BLUE CROSS OF WESTERN NEW YORK, INC.,** Petitioner, v **JAMES P. CORCORAN,** as Superintendent of the Department of Insurance of the State of New York, Respondent.—Determination unanimously annulled on the law with costs and petition granted. Memorandum: This proceeding arises out of a charge by respondent, the Superintendent of Insurance, that petitioner Blue Cross violated Insurance Department regulation 34 (11 NYCRR 215.5 [a], [b]) by

engaging in misleading or deceptive advertising of its health insurance policies. Respondent charged that petitioner aired radio and television advertisements that were misleading because they stated: "Remember, if you don't have Blue Cross, you're not covered". In response to that charge, petitioner admitted running the advertisements but denied that they were misleading or deceiving.

At a hearing before a Hearing Officer for the State Insurance Department, respondent presented an Insurance Department attorney who testified that, in his opinion, the advertisement was false and hence misleading. Petitioner argued that the statement was so obviously false that it was not misleading. In support of that position, petitioner produced extensive expert proof tending to establish that persons of ordinary education and intelligence would find the statement so patently false that they would not be misled by it. Testifying to that conclusion were an expert on legal questions involving advertising, a member of a panel of multidisciplinary educated professionals whose jobs bring them into contact with numerous persons of average education and intelligence, and a prominent pollster who had conducted a survey and found that the statement was interpreted literally by only a statistically insignificant percentage of individuals who heard it.

The Hearing Officer concluded that the advertisement was "false and misleading in fact and in implication". He observed that well-educated, articulate and thoughtful individuals would readily perceive the falsity of the statement and would not be misled by it, but that the "segment of the public to which the advertisement is directed will normally include not only those who have the sophistication to recognize the falsity of the Statement but also those persons of average intelligence who, nevertheless, are socially disadvantaged, unsophisticated, uneducated or downright gullible and who would take the Statement literally". The Superintendent adopted the findings and conclusions of the Hearing Officer except with respect to the penalty to be imposed. Whereas the Hearing Officer had recommended a "serious admonishment" with no civil penalty, the Superintendent imposed a civil penalty of $12,275.

We conclude that the determination must be annulled because it is based on an incorrect standard. 11 NYCRR 215.5 (a) provides that, "[w]hether an advertisement has a capacity or tendency to mislead or deceive shall be determined by the superintendent from the overall impression that the advertisement may be reasonably expected to create upon a person of average education and intelligence". The Hearing Officer's

conclusion that the advertisement might prove misleading to the "socially disadvantaged, unsophisticated, uneducated or downright gullible", is an erroneous departure from the applicable standard. Additionally, the determination is not supported by substantial evidence. The credible evidence adduced at the hearing, as well as common sense, compels the conclusion that the statement is so obviously false that it is neither intended nor likely to be taken literally by its audience. We therefore conclude that the advertisement would not mislead or deceive a person of average education and intelligence (11 NYCRR 215.5 [a]). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Kane, J.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.